ROGERS, Circuit Judge,
dissenting from the denial of rehearing en banc.
The important First Amendment protections implicated in these cases are obvious. Our decision in Zerilli v. Smith, 656 F.2d 705 (D.C.Cir.1981), acknowledges as much. Until very recently, in this case, Lee v. Department of Justice, 413 F.3d 53 (D.C.Cir. June 28, 2005), the court has not had occasion to define the contours and describe with precision the standards illustrated by Carey v. Hume, 492 F.2d 631, 639 (D.C.Cir.1974), and Zerilli, 656 F.2d at 711, in particular as they apply in discovery disputes arising from Privacy Act claims. Carey provides no unambiguous guidance because it did not encounter a claim under the Privacy Act, 5 U.S.C. § 552(a) (2000), which was first enacted in late 1974, Pub.L. No. 93-579, 88 Stat. 1896 (Dec. 31, 1974). Although Zerilli addressed both Privacy Act and Fourth Amendment-based claims, 656 F.2d at 715, Zerilli may be characterized as a decision resting upon the failure of the appellants to meet the exhaustion requirement. See id. at 714; see also id. at 718 (concurring opinion). That there are different views regarding the proper application of Zerilli in Privacy Act cases is evident. Compare, e.g., Petition for Panel Rehearing and/or Rehearing En Banc of Appellant James Risen at 6; infra Statement of Judge Ta-tel dissenting from denial of rehearing en banc (“the panel never balanced the public and private interests”) with Response of Appellee Wen Ho Lee to Petitions for Panel Rehearing and/or Rehearing En Banc at 13; Lee, 413 F.3d at 56 (“Zerilli set out two guidelines to determine when a plaintiff may compel a non-party journalist to testify to the identity of his confidential sources.”). Regardless, the Petitions for Rehearing now present significant issues, which meet the applicable threshold for *301 rehearing en banc, Fed. R.App. P. 35(a)(2), regarding both the standard for appellate review and comprehensiveness of the necessary balancing analysis. Therefore, I would grant the petitions for rehearing en banc.